# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DAKOTA RAY DUNHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-1228 SRW |
| | ) | |
| CIRCUIT COURT OF FRANKLIN COUNTY, | ) | |
| MISSOURI ASSOCIATE DIVISION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Dakota Dunham brings this action under 42 U.S.C. § 1983 for alleged violations of his rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(a)(1).  After careful construction of the pleadings, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted and seek relief from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).  Furthermore, as discussed below, the Court finds that it would be futile to allow Plaintiff to amend his complaint to seek habeas relief under 28 U.S.C. § 2241.  As such, this case will be dismissed without prejudice.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10 until

the filing fee is fully paid.  *Id.*

Plaintiff is a pretrial detainee at Franklin County Adult Detention Center.  ECF No. 1 at 2.

Plaintiff submitted an application to proceed in the district court without prepaying fees or costs.

ECF No. 3.  Although the application states that an inmate must submit a certified prison account

statement, Plaintiff has not done so.[1]  In his affidavit, however, he states that he has no job, no

income, no assets, and no money in his prison account.  Based on this financial information, the

Court will not assess an initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(4) ("In no

event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner

has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis*

if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

---

[1] In a letter attached to Plaintiff's complaint, he states that he has enclosed all necessary paperwork including "commissary logs [f]rom March 2021 until now."  ECF No. 1-5 at 1.  However, he adds with an asterisk that "copies of filed document is what I am requesting!!"  It is unclear if Plaintiff means that he requested copies of commissary logs for submission to the Court or if he is asking the Court to return copies of his filings. Regardless, the Court notes that, as of the date of this Order, there is no inmate account statement or commissary log on file in this case.

(1972).  A "liberal construction" means that, if the essence of an allegation is discernible, then the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### The Complaint (ECF No. 1)

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against four defendants involved in his pending criminal case in state court: (1) the Circuit Court of Franklin County, Missouri, Associate Division; (2) Craig E. Hellmann (judge at the Franklin County Circuit Court); (3) Sila Gizem Karacal (assistant prosecuting attorney in Franklin County); and (4) Joseph Peggs Welch (public defender).  ECF No. 1 at 1-4.  Plaintiff does not specify the capacity in which he brings his claims against any of these defendants.

Plaintiff complains that he has been wrongfully incarcerated due to violations of his right to a speedy trial.  As to Judge Hellmann, Plaintiff alleges that the Judge has "vacated" his "180

day writ" which was filed "1-6-20" and he has violated Plaintiff's constitutional rights with an "unreasonable" number of rescheduled trial settings.  Plaintiff also asserts that his "right to be heard" in a bond hearing has been violated, as he is still being held on no bond.  According to Plaintiff, delays in trials are not excusable due to COVID-19 because trials "are happening on TV everyday." *Id.* at 4.

Plaintiff alleges that assistant prosecuting attorney Karacal has also violated his constitutional right to a speedy trial by continuing "to push for trial even though [his] rights were in violation as of 7-3-20."  Also, she "fails to acknowledge … [Plaintiff's] rights" to the point where Plaintiff feels it has reached a "predijuice [sic] state of matter." *Id.*

As for defendant public defender Welch, Plaintiff states that Welch was appointed to represent him on February 13, 2020, and that Welch filed a motion to dismiss due to lack of speedy trial, on Plaintiff's behalf, on October 5, 2020.  However, since that filing, Plaintiff asserts that Welch has "failed to push the issue."  Also, between a pretrial meeting on May 26, 2021 and the date of complaint filing (signed September 2, 2021 but not received by the Court until October 12, 2021), Plaintiff alleges that Welch has not come to see him or answered his calls. *Id.* at 1, 10. Plaintiff also claims that Welch has not requested a bond hearing.  Plaintiff asserts that Welch has been ineffective "now with predijuice [sic]." *Id.* at 4.

According to Plaintiff, as a result of the actions of Defendants, he has experienced pain and suffering due to "loss of time" and because two of his loved ones have died while he has been detained.  Also, he has "mental stress / PTSD." *Id.*  For relief, Plaintiff asks the Court to dismiss the charges against him, and he seeks money damages for every day that his rights have been violated. *Id.* at 5.

**Supplemental (ECF No. 5)**

On October 28, 2021, the Court received a handwritten note from Plaintiff stating that Missouri Case.net, the State of Missouri's online docketing system, incorrectly shows that he waived his right to a speedy trial on May 26, 2021.  ECF No. 5 at 1.  Plaintiff denies that he ever consented to waive his right to a speedy trial.  He doesn't understand how his trial continues to be rescheduled without his consent or notice to him.  Plaintiff states that he needs a "judge and new attorney asap."  *Id.*

**Plaintiff's Pending State Court Case**

Independent review of Plaintiff's criminal case on Missouri Case.net provides relevant background information for understanding the allegations of Plaintiff's complaint.  In November 2019, a suppressed indictment was filed against Plaintiff after a grand jury in the Circuit Court of Franklin County charged Plaintiff with statutory rape or attempted statutory rape of a person less than 14, child molestation, and tampering with or attempting to tamper with a victim in a felony prosecution.  *State v. Dunham*, No. 19AB-CR03337 (20th Jud. Cir. Nov. 27, 2019).   The indictment was signed by assistant prosecuting attorney Sila Karacal.  A "no bond" warrant issued on December 11, 2019, signed by Judge Hellmann.  Plaintiff was in the custody of the Missouri Department of Corrections ("MDOC") at the time.

On January 6, 2020, the Court received and filed Plaintiff's request for a speedy trial.  On February 13, 2020, public defender Joseph Welch entered his appearance on behalf of Plaintiff and filed a second speedy trial demand, seeking a trial within 120 days.  The case was initially set for trial on May 20, 2020 but was delayed under a Missouri Supreme Court administrative order regarding the COVID-19 pandemic.  On September 28, 2020, Welch filed a motion to dismiss for want of speedy trial.  At that time, Plaintiff had been released from the MDOC on parole.  According to the motion, at a June 2020 hearing in chambers with Judge Hellmann, Welch

demanded a trial setting before July 3, 2020, but, given the Court's availability, the case was set for trial on September 9, 2020.  Later, the trial was further delayed.  Welch argued that the delay was hurting Plaintiff because "everyday that passes [Plaintiff] loses the opportunity, if he were to be convicted … of being sentenced to concurrent time."

On October 14, 2020, Judge Hellmann denied Plaintiff's motion to dismiss for want of speedy trial.  In both October 2020 and January 2021, Judge Hellmann issued Orders further delaying trial, citing public wellbeing and the ongoing pandemic.  After multiple further delays, in October 2021, Welch filed a motion to continue on behalf of Plaintiff, seeking to vacate the then-current trial setting of October 27 and reset the case for a November 8th trial.  As of the date of this Order, Plaintiff's criminal case is set for trial in February 2022.

### Discussion

After careful review and liberal construction of the pleadings, the Court finds that Plaintiff's allegations fail to state a cognizable claim for relief and seek monetary relief from defendants who are immune from such relief.  Furthermore, to the extent that Plaintiff's allegations could be liberally construed as speedy trial claims more properly raised in a petition for habeas corpus under 28 U.S.C. § 2241, the Court finds that such claims would also fail.  As such, it would be futile to allow self-represented Plaintiff to file an amended complaint in this matter.  This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### I.      Failure to State a Claim for Relief under 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against defendant Circuit Court of Franklin County are subject to dismissal for failure to allege any specific violations against this defendant. Plaintiff names the Circuit Court as a defendant in the caption of his complaint, but he fails to state any allegations against the Court specifically. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). As such, Plaintiff's claims against the Circuit Court of Franklin County are subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against his public defender Welch are also subject to dismissal for failure to state a claim. In order to state a § 1983 claim, a plaintiff must allege, *inter alia*, that a defendant acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.

In this case, Plaintiff's complaints about defender Welch concern his performance (or lack of performance) of the traditional functions of a defense attorney. Defendant Welch is a private party and not a state actor. In addition, none of the allegations indicate Welch acted as a willful participant in joint activity with the State. Plaintiff states that Welch filed a motion to dismiss his case based on a violation of speedy trial rights. There is no indication that Welch was acting in concert with any state actor or that there was a mutual understanding or meeting of the minds between Welch and any state actor. Claims of ineffective assistance of counsel are not properly brought under § 1983. As such, the Court finds that Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted against public defender Joseph Welch.

## II.     Immunity of Defendants

Regardless of the lack of specific allegations against the Franklin County Circuit Court, a state circuit court is not a defendant suable under 42 U.S.C. § 1983. The Eleventh Amendment bars suit against a State and its agencies. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). State courts like the Franklin County Circuit Court are immune from suit. *Harris v. Mo. Ct. of Appeals, W.D.*, 787 F.2d 427, 429 (8th Cir.1986) (state courts are not vulnerable to § 1983 suits because they are protected by state immunity under Eleventh Amendment).

Similarly, Plaintiff's claims for money damages against state court Judge Hellmann are barred by immunity. Judges are absolutely immune from suit for money damages unless they act outside of their judicial capacity or in the clear absence of jurisdiction, and Plaintiff alleges no such facts. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986); *see also Pierson v. Ray*, 386 U.S. 547 (1967) (judges may not be held liable for

damages under § 1983 for the performance of their respective duties in judicial proceedings). Plaintiff's allegations against Judge Hellmann are based on alleged wrongdoings by Hellmann while performing his judicial duties in Plaintiff's state court proceedings.  Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, Plaintiff alleges no facts of Judge Hellmann acting outside his judicial capacity or without jurisdiction.  All of Judge Hellmann's allegedly unlawful actions were judicial in nature. Further, Judge Hellmann, acting as a judge in the 20th Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution.  *See* Mo. Const. art V, § 14.  Furthermore, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Because Judge Hellmann acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to Plaintiff's claims against him.

Plaintiff also names assistant prosecuting attorney Sila Karacal and claims that she committed wrongdoing when performing her duties in Plaintiff's judicial proceedings.  Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged.  *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately

associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*).  Plaintiff's claims against Karacal involve actions she took in her capacity as an assistant prosecuting attorney pursuing criminal charges against a plaintiff for the state.  Plaintiff's claims against Karacal are barred by immunity.

### III.     Futility of Amendment of Claims under 28 U.S.C. § 2241

The Court notes that the allegations of Plaintiff's complaint might be brought more appropriately in a petition for habeas corpus relief under 28 U.S.C. § 2241.  A state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241.  *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").  However, even if the Court ordered self-represented Plaintiff to amend his complaint as a habeas petition under 28 U.S.C. § 2241 asserting violations his speedy trial rights under federal and state law, the Court finds his allegations insufficient to state a valid claim for relief.

The Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter."  Mo. Rev. Stat. § 545.780.1.  The Act does not contain a 180-day requirement.  *See State v. Engel*, 859 S.W.2d 822, 830-31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days").  Thus, to the extent that Petitioner is arguing that a strict statutory deadline of 180 days has been violated, he is

mistaken because there is no such deadline.  Regardless, federal courts do "not have jurisdiction under 28 U.S.C. § 2241 ... to issue a writ of habeas corpus for violation of state law by state authorities."  *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  As such, speedy trial claims based on state law and the actions of state officials must be addressed by a state court.  *Id.*  For this reason, any speedy trial claim that Plaintiff is attempting to bring under Missouri law fails to state a valid claim for relief under § 2241.

As to federal law, the Sixth Amendment to the U.S. Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  U.S. Const. amend. VI.  However, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution."  *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (internal citations omitted)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances.  *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court").  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court."  *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, Plaintiff has not demonstrated that he has exhausted his state court remedies. A review of Plaintiff's state court proceeding indicates that he filed a motion for want of speedy trial in the Circuit Court of Franklin County.  The motion was denied.  However, there are no

records indicating that Plaintiff filed additional pleadings, outside of the Circuit Court, in support of his claims.  Importantly, the Court can find no record of Plaintiff filing a writ of mandamus – nor does Plaintiff allege that he filed one – which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court.  *See* Mo. Rev. Stat. § 545.780.2.  There is no evidence that Plaintiff has exhausted this issue by presenting it to the highest state court.  Moreover, Plaintiff does not establish any "special circumstances" that would allow him to avoid exhausting his state remedies and alleging a speedy trial violation alone, is not enough.  *See Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).  Therefore, to the extent Plaintiff's claims could be construed under § 2241, they would fail.

## Conclusion

Defendant Circuit Court of Franklin County, Missouri is not suable under § 1983 and is immune from § 1983 claims under the Eleventh Amendment.  Plaintiff's claims against Judge Craig Hellmann and assistant prosecutor Sila Karacal are barred by absolute immunity.  Finally, because public defender Welch is not a state actor, Plaintiff's § 1983 claims against him fail.  According to the Eighth Circuit, "pro se status does not excuse [Plaintiff's] failure to name the proper parties."  *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009).  For all these reasons, this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).  Because the Court is dismissing this matter, Plaintiff motion for appointment of counsel will be denied as moot.

Furthermore, the Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings.  *See Braden*, 410 U.S. at 490.  A prisoner may not be allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in federal court.  *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th

Cir. 1979).  Plaintiff's state criminal case is still ongoing.  It is currently set for trial next month.
Amendment of the complaint to one seeking habeas relief under § 2241 would be futile.  Plaintiff
has not exhausted state court remedies, he has not established any special circumstances allowing
him to avoid exhaustion, and the Court cannot allow him to interrupt his state court criminal case
with a federal habeas action.  As such, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*
[ECF No. 3] is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is
waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to
issue upon the complaint as to defendants Circuit Court of Franklin County, Missouri, Associate
Division; Craig Hellmann; Sila Karacal; and Joseph Welch because the complaint fails to state a
claim upon which relief can be granted and seeks relief from defendants who are immune.
Plaintiff's claims against all defendants are **DISMISSED without prejudice**.  *See* 28 U.S.C. §
1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF
No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in
good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of January 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE